**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4110**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DEVIN RAY NORRIS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:10-cr-00051-BO-1)

_____

Submitted:  November 29, 2011      Decided:  December 14, 2011

_____

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

James M. Ayers, II, AYERS & HAIDT, P.A., New Bern, North
Carolina, for Appellant.   Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devin Ray Norris appeals his conviction, following his guilty plea to transporting child pornography, in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2011), and the imposition of a 144-month term of incarceration and a lifetime term of supervised release. Norris' attorney filed his appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal, but questioning whether the district court (i) erred in imposing certain special conditions on Norris' supervised release or (ii) abused its discretion in ordering a lifetime term of supervised release. Although advised of his right to file a pro se supplemental brief, Norris has not done so. The Government has moved to dismiss the appeal of Norris' sentence on the basis of the waiver of appellate rights contained in Norris' plea agreement. For the reasons that follow, we grant the Government's motion to dismiss and dismiss the appeal of Norris' sentence, and we affirm his conviction.

We first conclude that Norris has waived his right to appeal his sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the

2

issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Based on the totality of circumstances in this case, we conclude that Norris knowingly and voluntarily entered into the plea agreement and understood the waiver. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

We further conclude Norris' challenges to the duration and conditions of his supervised release fall within the scope of the waiver. According to the plea agreement, Norris waived his right "to appeal whatever sentence is imposed," save for a sentence in excess of the Guidelines range determined at sentencing. (J.A. 20).[*] As we have explained, "the term of supervised release . . . [is] part of the original sentence." United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998); see 18 U.S.C. § 3583(a) (2006) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may

---

[*] Citations to "J.A." refer to the joint appendix submitted by Appellant.

3

include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."). Further, the lifetime term of supervised release that the district court imposed was within Norris' Guidelines range. See 18 U.S.C. § 3583(k) (2006) (authorizing a term of supervised release of five years to life for violations of 18 U.S.C.A. § 2252); U.S. Sentencing Guidelines Manual ("USSG") § 5D1.2(b), (c) (2010) (recognizing a Guidelines term for supervised release of between five years and life); USSG § 5D1.2(b), p.s. (recommending the maximum term of supervised release for sex offenses). Accordingly, we conclude the waiver bars appellate review of the reasonableness of the term of supervised release as well as the special conditions ordered, and thus grant the Government's motion to dismiss the appeal of Norris' sentence

The appellate waiver does not, however, preclude appellate review of Norris' conviction. Although no challenge to Norris' conviction is raised, because this case is before us pursuant to Anders, we have reviewed the Fed. R. Crim. P. 11 hearing and discern no prejudicial infirmity in that proceeding. Accordingly, we affirm Norris' conviction.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We thus grant the Government's motion to dismiss as to Norris' sentence and affirm Norris' conviction. At this

time, we deny counsel's motion to withdraw. This court requires that counsel inform Norris, in writing, of the right to petition the Supreme Court of the United States for further review. If Norris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Norris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART